**Guillermo NAVARRO–PELAYO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73497.

Agency No. A77–600–479.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 6, 2004.*

Decided Feb. 10, 2004.

J. Manuel Sanchez, J. Manuel Sanchez & Associates, San Diego, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, CAS–District Counsel, Office of the District Counsel, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Earle B. Wilson, Jennifer A. Parker, Washington, DC, for Respondent.

Before BROWNING, THOMPSON, and WARDLAW, Circuit Judges.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

MEMORANDUM**

Guillermo Navarro–Pelayo, a 38–year-old native and citizen of Mexico, petitions for review of a final order of the Board of Immigration Appeals, affirming without opinion the Immigration Judge's ("IJ's") denial of Navarro's request for permission to withdraw his application for admission to the United States and his motion to terminate removal proceedings. We have jurisdiction under 8 U.S.C. § 1252(a)(1); we review the IJ's decision as the final agency action, *see* 8 C.F.R. § 1003.1(a)(7); *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir.2003); and we affirm.

As an alternative ground for his decision, the IJ assumed that he had the authority absent the consent of the INS to grant Navarro permission to withdraw his application for admission. In light of Navarro's adverse immigration history, however, the IJ decided not to exercise its discretion to grant the requested relief. *See* 8 U.S.C. § 1225(a)(4). Under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, we lack jurisdiction to review the IJ's discretionary decision to deny relief. 8 U.S.C. § 1252(a)(2)(B). *See, e.g., Falcon Carriche,* 350 F.3d at 853.

The IJ did not err when it denied Navarro's motion for cancellation of removal. Navarro is inadmissible under the Immigration and Nationality Act because (1) he lacks proper documentation under 8 U.S.C. § 1182(a)(7)(A)(i)(I); and (2) he is an alien previously ordered removed under 8 U.S.C. § 1225(b)(1) who again seeks admission to the United States within five years of the date of such removal, in violation of 8 U.S.C. § 1182(a)(9)(A)(I). The pending I–130 petition filed by his spouse

on his behalf, which has yet to be approved, does not provide a basis for cancellation of removal. *Cf. Agyeman v. INS,* 296 F.3d 871, 879 & n. 2 (9th Cir.2002) (even an approved I–130 only establishes eligibility for adjustment of status; the agency must still decide to accord the status).

Navarro's petition for review is therefore

**DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

